IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AIMEE ALBRECHT<br>　　　Petitioner,<br><br>v.<br><br>SHERIFF OF ROCK ISLAND<br>COUNTY ILLINOIS,<br>　　　Respondent. | Case No. 25-cv-4165 |

### Order

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), Motion for Temporary Stay and Short Form Injunctive Relief (Doc. 2), Motion for Preservation of Records (Doc. 3) and Motion for Alternative Service (Doc. 5), as well as Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 8). Because the Court finds Petitioner is not "in custody," Respondent's Motion to Dismiss (Doc. 8)[1] is GRANTED and Petitioner's § 2241 Petition (Doc. 1) is DISMISSED for lack of subject matter jurisdiction. The remaining motions are dismissed as moot.

### I

Pursuant to Petitioner's Petition, Petitioner is a resident of Warren County, Illinois, and is subject to a civil plenary order of protection which prohibits her

---

[1] The Court notes that typically the Court conducts a preliminary review of the § 2241 petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts. Respondent was not yet ordered to respond pursuant to 28 U.S.C. § 2243, so their filing of a motion to dismiss was not yet necessary at this time. Nonetheless, because the Court finds that it does not have subject matter jurisdiction over this matter, the result of dismissal is the same.

from contacting two individuals, one of whom is subject to a guardianship. The order of protection was entered in the Circuit Court of Rock Island County, Illinois, case number 20-OP-250. (Doc. 1 at 1). Petitioner has attached an order and opinion from the case dated March 22, 2022. *Id.* at 14–22. Pursuant to the order, after the state court found that Petitioner "more likely than not" attempted to contact the victim through a third-party, and arranged for service of a "Violation Warning" intending to harass the victim, it sanctioned Petitioner with a thirteen-week sentence in jail for civil contempt. *Id.*at 18, 19, 21. However, the sentence was stayed so long as Petitioner strictly complies with the order of protection and "refrains from making any false and/or derogatory statements, filing any false criminal or civil charges against Linda, any of the attorneys of record, the Court, the judges, or engaging in any other harassing, threatening and/or abusive conduct toward any of these parties." *Id.* at 21. Petitioner argues that because the order imposes "arrest-backed restraints" she is "in custody." *Id.* at 1.

Respondent promptly filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 8), arguing that Petitioner is not in custody. Petitioner has filed a response (Doc. 12).

II

Federal courts are authorized to entertain petitions for a writ of habeas corpus only where the individual seeking relief is "in custody." 28 U.S.C. §§ 2241(c); 2254(a). While the "in custody" requirement has historically been interpreted strictly, the definition of custody has been relaxed in more recent times. *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008) (citations omitted). Accordingly, habeas corpus has now been deemed available "to prisoners who are released on parole, personal recognizance, and bail, as well as those serving consecutive sentences; to aliens seeking entry into the United States; and to individuals seeking to challenge their induction into military service." *Id.*

However, a habeas petitioner still must show a significant restriction on their liberty to proceed, and courts have also held "that orders of restitution, fines and the revocation of medical and driver's licenses," as well as "sentences of registration under a sexual offender statute," do not satisfy the 'in custody' requirement." *Id.* at 718.

The Seventh Circuit has not directly addressed whether civil orders of protections meet the custody requirement, but the Second Circuit did in *Vega v. Schneiderman*, 861 F.3d 72 (2d Cir. 2017), and concluded that a state court order of protection prohibiting the petitioner from contacting the victim of harassment did not satisfy the custody requirement. The Second Circuit reasoned that the level of restraint was low as it did not require the petitioner's physical presence at a particular time or location, but merely the "narrow and pinpointed restriction" to stay away from the victim. *Id.* at 75. Moreover, while violating the order of protection could have led to a future charge, "the entirely speculative possibly of a future charge for a future violation is" in sufficient." *Id.* Other circuits and district courts that have addressed challenges to orders of protection or similar no-contact orders have reached the same conclusion. *See, e.g.*, *Holmes v. Satterberg*, 508 Fed. Appx. 660 (9th Cir. 2013); *Brown v. Johnston*, No. 22-cv-670-DWD, 2022 WL 1129327, at *2-*3 (S.D. Ill. Apr. 15, 2022) (habeas challenge to military order of protection); *Drexler v. Spahn*, No. 21-cv-00805-LTBGPC, 2021 WL 12360835, at *3-*4 (D. Colo. Aug. 27, 2021) (habeas challenge to civil order of protection); *Ibrahim v. New Jersey*, No. 21-7407 (SRC), 2021 WL 1660853, at *1 (D.N.J. Apr. 28, 2021) (habeas challenge to criminal court pre-trial no-contact order); *Ambriz v. Montgomery*, No. SACV 14-0297, 2015 WL 7769219, at *3 (C.D. Cal. Oct. 26, 2015) (habeas challenge to sex offender no-contact order).

The Court finds that Petitioner has not demonstrated a restraint on her liberty as a result of the order of protection that is sufficient to meet the in custody

requirement. Petitioner is only required to not contact or otherwise harass the victims. If she does violate the court order, she will be subject to a jail sentence. While Petitioner argues that the suspended sentence makes "the threat of arrest is present and ongoing," (doc. 12), a risk of future custody is too speculative to qualify as "in custody." *See, e.g., Michaels v. Hackel*, 491 F. App'x 670, 671 (6th Cir. 2012) (finding a stayed imprisonment sentence insufficient where the petitioner could be subject to potential future incarceration if they fail to comply with the state court order because "the possibility of future incarceration satisfies the "in custody" requirement only where it is imminent and inevitable"). As of now, Petitioner will only find herself in custody if she chooses to disobey the state court order; until then the restrictions imposed by the order of protection do not open the door to federal review in a habeas petition. Accordingly, the Court finds that Petitioner is not "in custody" for purposes of seeking habeas relief, so the Court lacks subject matter jurisdiction to consider her petition.

### III

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Here, the Court does not find that reasonable jurists could disagree that the Court does not have subject matter jurisdiction over Petitioner's claims. Accordingly, the Court declines to issue a certificate of appealability.

## IV

For the reasons above, Respondent's Motion to Dismiss (Doc. 8) is GRANTED and Petitioner's § 2241 Petition (Doc. 1) is DISMISSED for lack of subject matter jurisdiction. The remaining motions are dismissed as moot. The Clerk is DIRECTED to issue judgment in favor of Respondent and close the case.

*It is so ordered.*

Entered on October 16, 2025.

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE