E-FILED
Thursday, 13 November, 2025  03:12:08 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AIMEE ALBRECHT<br>　　　Petitioner,<br><br>v.<br><br>SHERIFF OF ROCK ISLAND<br>COUNTY ILLINOIS,<br>　　　Respondent. | Case No. 25-cv-4165 |

**Order**

　　　Before the Court is Petitioner Aimee Albrecht's Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) (Doc. 18). Petitioner seeks reconsideration of the Court's Order (Doc. 16), which summarily dismissed her Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

　　　Rule 59(e) enables courts to correct their own errors and avoid unnecessary appeals. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal citation omitted). In order "[t]o prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted).); *see also*, *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) ("[W]e have held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments"). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal citation omitted).

1

Petitioner is subject to a civil plenary order of protection which prohibits her from contacting two individuals, one of whom is subject to a guardianship. The order of protection was entered in the Circuit Court of Rock Island County, Illinois, case number 20-OP-250. (Doc. 1 at 1). Pursuant to an order and opinion from that case dated March 22, 2022, the state court found Petitioner "more likely than not" attempted to contact the victim through a third-party, and arranged for service of a "Violation Warning" intending to harass the victim. The court sanctioned Petitioner with a thirteen-week sentence in jail for civil contempt. *Id* .at 18, 19, 21. However, the sentence was stayed so long as Petitioner strictly complies with the order of protection and "refrains from making any false and/or derogatory statements, filing any false criminal or civil charges against Linda, any of the attorneys of record, the Court, the judges, or engaging in any other harassing, threatening and/or abusive conduct toward any of these parties." *Id*. at 21. Petitioner filed a § 2241 Petition, arguing that because the order imposes "arrest-backed restraints" she is "in custody." *Id*. at 1.

In the Court's October 16, 2025 Order, the Court found that Petitioner had not met the "in custody" requirement because the only restraint on her liberty was, in essence, an order of protection that required her not to contact or otherwise harass the victims. The Court found the level of restraint was too low to qualify as "in custody."

Petitioner argues in her motion that the Court has overlooked multiple Supreme Court cases that would support a finding that she is "in custody." Petitioner first quotes *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) and *Hensley v. Municipal Court*, 411 U.S. 345 (1973), as saying "[t]he custody requirement is satisfied whenever the petitioner's freedom is restrained by conditions not shared by the public generally." (Doc. 18 at 2). However, neither case contains this exact quote, nor do they stand for such a broad proposition. *Jones* confronted whether a

2

petitioner on parole was in custody and concluded he was due to the "*significant restraints*" on the petitioner's liberty that were not imposed on the public generally. 371 U.S. at 242. Specifically, the Supreme Court noted that:

> Petitioner is confined by the parole order to a particular community, house, and job at the sufferance of his parole officer. He cannot drive a car without permission. He must periodically report to his parole officer, permit the officer to visit his home and job at any time, and follow the officer's advice. He is admonished to keep good company and good hours, work regularly, keep away from undesirable places, and live a clean, honest, and temperate life.

*Id. Jones* further emphasized that "what matters is that they significantly restrain petitioner's liberty to do those things which in this country free men are entitled to do." *Id.* at 243. Here, Petitioner's sole restraint of not contacting or otherwise harassing the victims identified in the order of protection is much more limited.

In *Hensley v. Municipal Court*, 411 U.S. 345 (1973), the Supreme Court addressed a petitioner who was released on his own recognizance while appealing his stayed conviction and sentence. While acknowledging that the restraints were not as significant as those at issue in *Jones*, the Supreme Court found that the petitioner was still in custody because (1) he was "subject to restraints not shared by the public generally" because he was obligated "to appear at all times and places as ordered by any court or magistrate of competent jurisdiction;" (2) he "remains at large only by the grace of a stay." *Id.* at 351 (internal citations omitted). Again, Petitioner's case is quite different. While her potential sentence is also stayed, it will remain stayed so long as she does not contact the victims. Moreover, Petitioner is not required to appear at court at any time to avoid incarceration.

Petitioner also points to *Maleng v. Cook*, 490 U.S. 488 (1989), for support. In *Maleng*, the Supreme Court held that a petitioner could challenge his future state sentence that had already been imposed because he was presently in federal custody serving a federal sentence and the state had "placed a detainer with the

federal authorities to ensure that at the conclusion of respondent's federal sentence, he will be returned to the state authorities to begin serving his 1978 state sentences." 490 U.S. at 493. Again, Petitioner's case is materially difference—she is not presently incarcerated nor is there a detainer or other reason that would make her incarceration inevitable.

Finally, Petitioner's reliance on *Carafas v. LaVallee*, 391 U.S. 234 (1968), is misplaced. The petitioner in that case was incarcerated at the time of filing his petition. The Court determined that the case was not moot despite his later release from prison and parole due to significant collateral consequences of his conviction. *Id.* at 238–39. The Court found that the "in custody" requirement was met because the petitioner was in custody at the time the application was filed. *Id.; see also Maleng v. Cook*, 490 U.S. 488, 492 (1989) (noting that the finding in *Carafas* that the "in custody" requirement was met was based "on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed."). Here, Petitioner is not incarcerated, nor was she at the time of filing.

Petitioner's additional arguments regarding a manifest injustice are inapposite as there is no manifest injustice exception to the "in custody" requirement.

In summary, the Court finds each of the cases Petitioner cites materially different from the issues here. The Court does not find that Petitioner has shown that the Court committed a manifest error of law or fact.

**IT IS, THEREFORE, ORDERED:** The Court DENIES Petitioner's Motion to Alter or Amend Judgment (Doc. 18).

*It is so ordered.*

Entered on November 13, 2025.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE